██      In the Matter of GENTILE'S, INC., Appellant, against NICHOLAS P. TERESI et al., Respondents.— Appeal from a judgment entered on a decision rendered at a Trial Term, County Court, Albany County. This is called by the parties a proceeding to enforce a mechanic's lien; but by statute it is an action

(Lien Law, § 41). The plaintiff shows without any dispute and, indeed, it is conceded, that the plaintiff corporation performed labor and installed material in defendants' home in the sum of $1,519.63 and that it has not been paid. In a direct action against defendants on contract, judgment entered by the court for defendants after a trial on the ground no contract was made between the parties has been affirmed in a decision announced herewith (*Gentile's* v. *Teresi*, 10 A D 2d 766). It is conceded that plaintiff was hired to do the work by a general contractor engaged in building defendants' dwelling. The main issue in the case is whether there was anything due the contractor by defendants under their contract when the plaintiff did its work or subsequently. At the end of the plaintiff's case, defendants moved for dismissal and nonsuit; decision was reserved and defendants rested without proof. Since the court made no findings of fact and no statement of essential facts as it was required to do to decide the case on the merits (Civ. Prac. Act, § 440), its general decision in favor of defendants must be deemed to have granted the motion for nonsuit rather than have decided the merits. But to grant the nonsuit the court was required to view the record in an aspect most favorable to plaintiff's case. Such a view of plaintiff's case would show that the contractors had made a bid of $72,000 for all the work and that although no contract was signed between the builder and the owners they had so acted on it by beginning the construction and accepting the same as to make the oral bid a binding contract. A number of items were excluded by mutual consent; some items of the bid were not completed; the owners paid suppliers with the contractor's consent some $23,195.69 and paid the contractor $22,000. The total of all these items excluded, paid suppliers or paid to the contractor, was $66,269.69. The balance of $5,730.31 plus $870.22 for extras would make the total amount due the contractor $6,600.53, which, in the most favorable view to plaintiff's action on the lien, would make the lien good. There is proof that the amount was reduced by agreement between the builder and the owner before the actual contract started to $45,000; but there is also other proof that this reduction was made by agreement after plaintiff's work was done. An agreement to reduce the contract amount to $45,000 before the work began seems unlikely because it would contemplate adjustment of difficulties which did not arise until after the work was in progress; and even after the work was in progress this amount does not fit in exactly with the course of expenditure and payment. In any event the most favorable aspect of the case to plaintiff was that the contract price was changed after plaintiff's work was done. This would have been too late to defeat the lien. If there was no actual contract made between the contractor and the defendants when plaintiff's work was done the value of the contractor's work for the defendants at the time plaintiff's work was completed and thereafter would become a measure of the validity of the lien, i.e., if the value of the contractor's work and the work done by plaintiff exceeded the amount paid by defendants the lien would be good to the extent of such excess. There is undisputed proof in the record that the actual value of the work done by the general contractor exceeded the amount paid him and the amount of plaintiff's lien (Lien Law, §§ 3, 4). Judgment reversed, on the law and the facts, and a new trial ordered, with costs to appellant to abide the event. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.